IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-02580-MSK-BNB

CHARLES SMITH,

    Plaintiff,

v.

RON LEYBA, and
JOHN SUTHERS,

    Defendants.

---

**OPINION AND ORDER GRANTING, IN PART, MOTION TO DISMISS**

---

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Dismiss **(# 11)**. The Plaintiff did not file a response to the motion.

According to the *pro se* Complaint **(# 3)**, the Plaintiff is an inmate of the Colorado Department of Corrections, previously housed at the Arkansas Valley Correctional Facility ("AVCF"). He alleges that he was assaulted by other prisoners on two occasions: once in 2004, by a "black gang known as the Crips"; and a second time in 2007 by "a white gang called the 211." He states that the Defendants "were well aware of these assaultive inmates and failed to take steps to protect inmates with a lower level classification from those with higher classification." He contends that inmates attacking other inmates are "a pattern of conduct that the Warden and staff failed to actually do anything about," and that "Defendants are aware of should have been aware of the statistical breakdown of assaults in the prison." The Complaint asserts what appears to be a single claim under 42 U.S.C. § 1983 based on the Defendants'

1

failure to protect the Plaintiff and deliberate indifference to his safety in violation of the Eighth Amendment to the U.S. Constitution.[1]

The Defendants move to dismiss **(# 11)** the claims against them, arguing: (i) the Complaint fails to allege the Defendants' personal participation in any constitutional deprivation; (ii) the Complaint fails to allege a "constant or pervasive" threat of harm so as to constitute an 8th Amendment violation; (iii) the Complaint fails to allege "deliberate indifference" to the Plaintiff's safety because it asserts that the Defendants "should have known" of the risks, not that they actually did know; (iv) that any claim related to the 2004 assault is barred by the statute of limitations; and (v) that the Defendants are entitled to qualified immunity, as they did not "know or reasonably should have known that their conduct was illegal." The Plaintiff did not file a response to the motion.

In considering the Plaintiff's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*,

---

[1] The Defendants read the Complaint as asserting a second claim, sounding in a violation of the Equal Protection clause of the 14th Amendment, in that the Defendants treated inmates with a lower security classification differently that inmates with a higher classification. Although the Plaintiff uses the words "treated unequal" and mentions the 14th Amendment in his Complaint, the Court does not read the Complaint as asserting a standalone Equal Protection claim. Most significantly, the Plaintiff does not allege that <u>similarly-situated</u> groups were arbitrarily treated <u>differently</u> – the hallmark of an Equal Protection claim. *See generally Engquist v. Oregon Dept. of Agriculture*, 120 S.Ct. 2146, 2153 (2008) ("When those who appear similarly situated are nevertheless treated differently, the Equal Protection Clause requires at least a rational reason for the difference"). Rather, the Plaintiff appears to be complaining that <u>differently-situated</u> groups – low risk inmates and high risk inmates – were treated <u>similarly</u> when they should not have been. To the extent the Plaintiff purports to assert an Equal Protection claim on these facts, that claim would necessarily fail.

935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Benefield v. McDowall,* 241 F.3d 1267, 1270 (10th Cir. 2001); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court must limit its review to the four corners of the Complaint, but may also consider documents attached to the Complaint as exhibits. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

It is well-settled that the 8th Amendment imposes on prison officials the obligation to take reasonable efforts to protect inmates from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). But the mere fact that an inmate is injured at the hands of another does not, of itself, give rise to liability. *Id.* at 834. Rather, an inmate alleging an 8th Amendment violation based on the failure of prison officials to protect him against assault by a

fellow inmate must establish two elements: (i) that he is incarcerated under conditions posing a substantial risk of harm; and (ii) that a defendant official was "deliberately indifferent" to that risk. *Id.* To show the second element, "deliberate indifference," an inmate must prove more than mere negligence, although he is not required to prove that the official purposefully intended the inmate to suffer harm. *Farmer*, 511 U.S. at 835. Instead, the inmate must show that the official acted recklessly – that is, that the official actually knew of an excessive risk to inmate safety and yet chose to disregard it. *Id.* at 837. Thus, the inmate may show that the risk of inmate-on-inmate violence was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, [along with] circumstances suggest[ing] that the defendant official . . . had been exposed to information concerning the risk and thus 'must have known' about it." *Id.* at 842-43. However, it is not necessary for the inmate to show that the official knew that a specific perpetrator was likely to commit an assault or that a specific inmate was likely to become a victim. *Id.* at 844.

Turning to the first element, the Court notes that most cases examining whether an inmate has demonstrated the existence of a substantial risk do not articulate standards or tests that assist in making that determination; rather, they appear to simply assess the facts alleged by the inmate. For example, in *Howard v. Waide*, 534 F.3d 1227, 1237 (10th Cir. 2008), the 10th Circuit found that allegations that an inmate had previously been subjected to threats and sexual assaults by a gang an another facility and was later identified by a member of that gang and again threatened at the new prison, all while being housed in an area of the prison that made it easier for gang members to assault him, were sufficient to state the first element of an 8th Amendment claim. By contrast, in *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006), the

4

court found that an inmate's allegations that, despite being in protective custody, he was afraid to go to medical appointments because it meant traveling through the general population unit, failed to plead a sufficient risk of harm, particularly in light of the fact that the inmate had not actually been accosted.

Here, the Plaintiff alleges that the 2004 attack was an attempt by the Crips gang to force the Plaintiff to join and that the prison administration "was well aware of the group and its means of recruitment." He alleges that "the inmates [who] assaulted me had, in fact, assaulted other inmates," and that the perpetrator of the 2007 attack "had a very long history of prison assaults," including attacks on an inmate in another unit and an attack on an inmate while in administrative segregation. He states that "gangs roam the prison beating, wounding, and injuring other inmates at will." As the Court must, when reviewing a complaint's allegations on a motion to dismiss, the Court treats these allegations as true.

These contentions are sufficient to allege that the conditions of confinement at AVCF pose a substantial risk of harm. The Plaintiff alleges not only a general atmosphere in which "gangs roam the prison," attacking inmates "at will," but also identifies several specific instances in which inmates, himself and others, have been attacked these gang members. The facts alleged here closely parallel those in *Howard*, in that the Plaintiff alleges that he has been repeatedly attacked by gang members and that the manner in which inmates are housed contributes to the risk of such attacks. This is not a circumstance like that in *Smith* in which an inmate is alleging a subjective fear without evidence of the contemplated harm actually occurring. Under these circumstances, the Court finds that the Plaintiff has adequately alleged the first element of his claim.

5

The Court then turns to the second element – whether the Plaintiff has adequately alleged the deliberate indifference of the Defendants. As discussed above, the Plaintiff's is required to show each Defendant's subjective awareness of the risk of inmate-on-inmate violence and that, despite that awareness, did not take reasonable steps to abate the risk. The Complaint appears to allege that the Defendants did nothing to stem the risk of inmate attacks, and thus, the inquiry on this element collapses down to the question of whether the Plaintiff had adequately alleged each Defendant's subjective knowledge of the risk.

Turning first to Defendant Leyba, the Plaintiff alleges that Defendant Leyba was the Warden of AVCF. The text of the Complaint makes no specific allegation concerning Defendant Leyba's knowledge of the risk of inmate attacks. He makes conclusory assertions that "the administration was well aware" of the threats posed by prison gangs, and that "the defendants were well aware of these assaultive inmates." Normally, such conclusory allegations would be insufficient, as the Complaint does not articulate the actual facts upon which he relied to reach the conclusion that prison officials were aware of the risk. *See generally Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (a complaint "need not [contain] detailed factual allegations [but] requires more than labels and conclusions").

However, cases such as *Farmer* recognize that the factfinder can infer a prison official's subjective knowledge of risks simply by virtue of their obviousness. 511 U.S. at 842. As *Farmer* explains, a showing that the risk of inmate attacks was "longstanding, pervasive, [and] well-documented," coupled with "circumstances suggest[ing] that the [official] had been exposed to information concerning the risk and thus 'must have known about it'" would be sufficient. *Id.* Here, the Plaintiff alleges that "gangs roam the prison beating, wounding, and

6

injuring other inmates at will." He alleges that the inmate who attacked him in 2007 had attacked inmates in other areas of the prison as well. Finally, he states that he reported these attacks through written and verbal grievances. Taking these allegations in the light most favorable to the Plaintiff, these facts may be sufficient to show that the risk of inmate-on-inmate attacks was longstanding, pervasive, and well-documented. Although the Plaintiff does not identify particular facts that would suggest that Defendant Leyba was aware of these events, he does identify "circumstances suggesting" that Defendant Leyba would be informed of them – namely, the fact that Defendant Leyba was Warden of AVCF. A factfinder might reasonably infer that the Warden of a prison "must have known about" repeated attacks on inmates by prison gangs in his facility. Accordingly, the Court finds that the Plaintiff has adequately alleged an 8th Amendment claim against Defendant Leyba.

Because the Plaintiff has successfully stated a claim against Defendant Leyba, the Court briefly turns to two additional arguments raised by Defendant Leyba. First, as to the statute of limitations, it is clear that the Plaintiff cannot recover for injuries sustained more than two years before the commencement of this action in December 2007. *See generally Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). Obviously, the Plaintiff cannot recover damages for injuries sustained as a result of the 2004 assault. However, the fact that the 2004 assault cannot give rise to a damage award does not require its excision from the Complaint. Rather, the allegations regarding the 2004 assault support the Plaintiff's contention that the risk of inmate attacks was substantial and must have been apparent to Defendant Leyba. Thus, there is no need to dismiss any aspect of the Complaint on statute of limitations grounds.

Finally, the Court rejects any argument by Defendant Leyba premised on qualified immunity. To overcome a claim of qualified immunity, a plaintiff who has adequately pled a constitutional violation must also show that the contours of that violation were "clearly established" at the time of the events at issue. *Brosseau v. Haugen*, 543 U.S. 194, 198-99 (2004). Normally, a plaintiff shows that a right was "clearly established" by pointing to binding precedent from the Supreme Court or 10th Circuit recognizing the right in the particular circumstances presented. *Id.*; *Weigel v. Broad*, 544 F.3d 1143, 1153-54 (10th Cir. 2008). However, there are circumstances where the contours of the right are so obvious that reference to a body of similar caselaw is unnecessary. *Brosseau*, 543 U.S. at 199. There can be little question that the obligation of prison officials to protect inmates against known and substantial risks of violence at the hands of their fellow inmates is clearly established. Cases cited herein, including *Farmer* and *Howard* recognize that obligation in circumstances that, while perhaps not identical to those presented here, are sufficiently similar that a reasonable prison official would recognize the contours of his or her obligations towards the Plaintiff here. Accordingly, the Motion to Dismiss as it relates to the claims against Defendant Leyba is denied.

The same cannot be said of the Plaintiff's claim against Defendant Suthers. The Complaint states that Defendant Suthers is the Attorney General of the State of Colorado, and that "rules, regulations, [and] policies that govern inmates are initiated from his office."[2] The same circumstances that permit an inference that Defendant Leyba, as Warden of AVCF, must have known knew of the assaults taking place at his facility do not warrant that same inference

---

[2] The Plaintiff concedes that "he is only an indirect defendant in this matter based on position only."

with regard to Defendant Suthers. One can reasonably assume that there are a number of layers of governmental administration between Defendant Leyba and Defendant Suthers – *e.g.* that Defendant Leyba reports to a Colorado Department of Corrections supervisor responsible for prison oversight, who in turn likely reports to a policy-making official of the Department of Corrections, who may, in turn report directly or indirectly to Defendant Suthers. The prevalence of so many layers diminishes the reasonableness of the conclusion that Defendant Suthers "must have known" about inmate assaults at AVCF. Without pleading more facts to show the inevitability of Defendant Suthers' knowledge, the Plaintiff's 8th Amendment claim against Defendant Suthers fails.

Accordingly, the Defendant's Motion to Dismiss **(# 11)** is **GRANTED IN PART**, insofar as the Plaintiff has failed to state a claim against Defendant Suthers, and **DENIED IN PART**, insofar as the Court finds that the Complaint adequately states a claim under the 8th Amendment against Defendant Leyba. The claim against Defendant Suthers is **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6), and the caption of the case is **AMENDED** to omit reference to Defendant Suthers.

Dated this 5th day of March, 2009

BY THE COURT:

_____

Marcia S. Krieger
United States District Judge